Filed in Open Court
10/3/2025
Skyler B. O'Hara
By M. Deaton
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TYLER BENNETT,<br><br>Defendant. | Case No. 24-cr-20046-HLT |

### PLEA AGREEMENT

The United States of America, by and through Assistant United States Attorney Faiza H. Alhambra, and Tyler Bennett, the defendant, personally and by and through his counsel, Laquisha S. Ross, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1.  **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count Two of the Indictment charging a violation of 18 U.S.C. § 922(g)(3) & 924(a)(2), that is, possession of a firearm by an unlawful user of a controlled substance. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count Two of the Indictment to which he has agreed to plead guilty is not more than 10 years of imprisonment, a $250,000 fine, not more than 3 years of supervised release, and a $100.00 mandatory special assessment. The defendant further agrees to forfeit property or money to the United States, as agreed in paragraph 7.

2.  **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Ver. 03-01-24

The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") began investigating Tyler Bennett after a source identified Bennett as a distributor of narcotics, and three incidents involving a Glock firearm tied back to Bennett through shell casings. On June 4, 2020, law enforcement conducted a trash pull at Bennett's residence on 40th Street in Kansas City, Kansas and located one large, heat-sealed bag with marijuana residue. One June 11, 2020, law enforcement conducted a second trash pull at the residence located two large, heat-sealed bags with marijuana residue.

On June 16, 2020, law enforcement served a federal search warrant on Bennett's residence. Law enforcement recovered 1,473.18 grams of marijuana, 22 firearms, multiple bags of suspected methamphetamine, baggies and scales. One of the firearms recovered, a Ruger, Model SR9C, 9mm pistol, serial number 339-00291 was possessed in and affective interstate and foreign commerce in that the firearm was manufactured outside the state of Kansas.

Law enforcement interviewed Bennett and his girlfriend Crystal Vangodron. Vangordon said Bennett does not work and that he uses marijuana daily. Bennett admitted to being an unlawful user of a controlled substance in that he said he uses marijuana "all day, every day" and uses methamphetamine from time to time. The last time he used methamphetamine was three days prior. The suspected marijuana and methamphetamine were sent to the KBI forensic lab for analysis.

Lab results confirmed the presence of marijuana and methamphetamine. The methamphetamine had various purities and resulted in approximately 29.6 grams of actual methamphetamine. Bennett acknowledges that the firearms he possessed in his residence listed in paragraph 7 were used or intended to be used, in any manner or part, to commit or facilitate the commission of Count 2.

3.  **Application of the Sentencing Guidelines.** The parties understand that the Court will apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and may impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine

the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a) to dismiss the remaining counts of the Indictment at the time of sentencing;

(b) to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

(c) to recommend a sentence within the applicable Guideline range, provided that the defendant does not request a downward departure or a variance; and

(d) to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

3

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Forfeiture of Assets.** The defendant knowingly and voluntarily agrees and consents to forfeit, via any administrative or judicial proceeding,

(a) all assets listed in the charging document, Bill of Particulars, and/or seized during the investigation of this case, that are directly and indirectly subject to forfeiture to the United States, including but not limited to, the following specific property:

- One (1) Anderson Manufacturing, Model AM-15, .223 caliber pistol, serial number 1717350;
- One (1) Glock. Model 17, 9mm pistol, serial number BGMK488;
- One (1) Taurus International, Model 605, .357 caliber revolver, serial number JY96092;

4

- One (1) Ruger, Model SR9C, 9mm pistol, serial number 339-00291;
- One (1) Glock, Model 27, 40 caliber pistol, serial number BDGB824;
- One (1) Taurus International, Model PT140, .40 caliber pistol, serial number SZA83585;
- One (1) Israel Weapon IND-IWI, Model UZI, 9mm pistol, serial number UP05958;
- One (1) Ruger, Model P345, .45 caliber pistol, serial number 664-31791;
- One (1) Anderson Manufacturing, Model AM-15 receiver, serial number 18016374;
- One (1) SCCY Industries, LLC, Model CPX-1, 9mm pistol, serial number 014618;
- One (1) Norinco, Model MAK90, .762 caliber rifle, serial number 94110309;
- One (1) Bushmaster, Model Carbon 15, multi-caliber rifle, serial number CBC012154;
- One (1) Marlin Firearms Co, .410 caliber shotgun, serial number 3111CH;
- One (1) Remington Arms Company, Model 740, 30-60 caliber rifle, serial number 18962;
- One (1) Mossberg, Model 535, 12 gauge shotgun, serial number AT013311;
- One (1) Marlin Firearms Co, Model 60W, .22 caliber rifle, serial number 05126844;
- One (1) Marlin Firearms Co, Model 795, .22 caliber rifle, serial number MM702841;
- One (1) Remington Arms Co, Model 1100, 12 gauge shotgun, serial number 495884V;
- One (1) Ruger, Model P89DC, 9mm pistol, serial number 30378658;
- One (1) Harrington and Richardson, revolver, serial number 40494J;
- One (1) Smith and Wesson, Model 60, .38 caliber revolver, serial number R204654;
- One (1) Smith and Wesson, Model 19, .357 caliber revolver, serial number; 9K18912; and
- Multiple rounds of assorted ammunition.

(b) to waive all constitutional, statutory, procedural, appellate, habeas corpus, and equitable challenges in any manner against any federal, state, or local government regarding the seizure, custody, forfeiture, or disposition of the enumerated assets, including that the forfeiture of such property constitute an excessive fine, the government failed to give proper notice in the charging instrument, the forfeiture was not addressed by the Court at the time of the guilty plea, the forfeiture was not announced at sentencing, or the forfeiture was not incorporated into the judgment;

(c) that the conduct described in the Factual Basis paragraph provides a sufficient factual and statutory basis for the forfeiture of the enumerated assets including: (1) the amount of criminal proceeds obtained by the defendant directly or indirectly from the violation(s) upon which any forfeiture money judgment is based; and (2) the requisite nexus between any directly-forfeitable assets and the crime(s) to which the defendant is pleading guilty;

(d) to the immediate entry of any orders concerning any forfeiture or other disposition of the enumerated assets;

(e) to take all steps necessary to identify and locate all assets subject to forfeiture, and to transfer custody of such assets to the government prior to sentencing, including signing any necessary transfer or title documents;

(f) to the forfeiture of any substitute assets pursued by the government to satisfy any outstanding personal forfeiture judgment;

(g) to the abandonment and the transfer to the government of all of my right, title and interest in the enumerated assets;

(h) to the destruction or to any other disposition of the enumerated assets by any local, state, or federal agency having possession or control of the assets;

(i) that the forfeiture, or other governmentally-determined disposition, of the enumerated assets shall not be deemed an alteration of my sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon me in addition to forfeiture.

8. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

9. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

10. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, as well as the length and conditions of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs or varies upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the foregoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

11. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

12. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant

7

to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

13. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

14. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

/s/ Faiza H. Alhambra                              Date: 9/16/2025
Faiza H. Alhambra
Assistant United States Attorney
Office of United States Attorney
500 State Avenue, Suite 360
Kansas City, KS 66101
KS BAR # 24525

D. Christopher Oakley                              Date: 9/17/2025
D. Christopher Oakley
Assistant United States Attorney
Supervisor
Assistant United States Attorney
Office of United States Attorney - KCKS
500 State Avenue, Suite 360
Kansas City, KS 66101


Tyler Bennett                                      Date: 10/3/25
Tyler Bennett
Defendant


Laquisha S. Ross                                   Date: 10/3/25
Laquisha S. Ross
Office of Federal Public Defender - KCKS
500 State Avenue, Suite 201
Kansas City, KS 66101-2400
Counsel for defendant

9